IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN BRISBINE, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 19-1038 |
| ANDREW SAUL COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) |
|       Defendant. | ) |

O R D E R

AND NOW, this 28th day of September, 2020, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]  Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to base the decision on substantial evidence; (2) failing to give controlling weight to the opinion of Plaintiff's treating physician and not providing contradictory evidence in rejecting that opinion;

1

and (3) failing to find that Plaintiff's frequent hospitalizations leave him unable to maintain full-time competitive employment.  The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as the ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

Plaintiff's first argument—that the ALJ's decision is not based on substantial evidence—is based on his objection to the ALJ's discussion of why Plaintiff's mental impairment does not meet the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"), as well as the ALJ's later discussion of evidence in formulating Plaintiff's residual functional capacity ("RFC").  At Step Three of the sequential analysis, the ALJ considered whether Plaintiff's impairment of bipolar disorder meets the severity of Listing 12.04 and determined that it does not.  (R. 16-18).  Plaintiff asserts that the ALJ's conclusion is not based on substantial evidence because the ALJ found that Plaintiff has moderate limitations in understanding, remembering, or applying information, and in concentrating, persisting, or maintaining pace, but did not cite to medical evidence to support those findings.  (R. 17).  Plaintiff does not indicate what the ALJ should have concluded with regard to his limitations, just that the ALJ should have found stricter limitations in analyzing his case.

At the outset, the Court notes that the Listings operate as a regulatory device used to streamline the decision-making process by identifying claimants whose impairments are so severe that they may be presumed to be disabled.  See 20 C.F.R. § 404.1525(a).  Because the Listings define impairments that would prevent a claimant from performing any gainful activity—not just substantial gainful activity—the medical criteria contained in the Listings are set at a higher level than the statutory standard for disability.  See Sullivan v. Zebley, 493 U.S. 521, 532 (1990).  Thus, a claimant has the burden of proving a presumptively disabling impairment by presenting medical evidence that meets all of the criteria of a listed impairment or is equal in severity to all of the criteria for the most similar listed impairment.  See 20 C.F.R. § 404.1526.

In the Step Three discussion here, the ALJ discussed the criteria for Listing 12.04 and explained how conclusions were reached, citing to evidence including Plaintiff's Function Report and his testimony; noting that Plaintiff needs no special reminders to care for his personal needs, to groom, or to go places; and explaining that Plaintiff is enrolled in a music engineering certificate program, can manage money, can follow written instructions well, and drives a car.  (R. 17).  Moreover, later on in the decision, the ALJ engaged in discussion of additional evidence to support the various findings, including medical opinions of record, Plaintiff's treatment notes, and Plaintiff's testimony and subjective complaints.  See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (noting that there must be sufficient development of the record and explanation of findings to permit meaningful review, and that the ALJ's decision is to be read as a whole, showing that the ALJ considered the appropriate factors in concluding that a claimant did not meet the requirements for a listing).  As Plaintiff has not specified exactly what evidence the ALJ ignored in his discussion at Step Three, and instead objects to the ALJ's analysis as being generally insufficient, and since the ALJ did engage in adequate discussion of the evidence of record (including medical evidence), the Court finds that Plaintiff simply has not met his burden of proving that he has a presumptively disabling impairment.

Plaintiff also objects to the ALJ's discussion of certain evidence at later steps in the decision.  With regard to the ALJ's characterization of Plaintiff's inpatient hospital admissions as "seemingly situational," the Court does not agree with Plaintiff's allegation that such conclusion is inconsistent with the record.  (R. 19).  Upon review of the evidence, the Court notes that the record indicates that Plaintiff was voluntarily hospitalized several times for short stays, and that those admissions appear to have been connected to situational stressors including family relationships, financial issues and medication/alcohol use.  (R. 300, 324, 332, 368-69, 375, 452, 477).

Plaintiff further argues that the ALJ's decision is not based on substantial evidence by alleging that facts fitting the ALJ's conclusions were conveniently selected while unfavorable facts were ignored.  In making his argument, Plaintiff cites to a handful of comments in the medical records that the ALJ did not cite, and he contends that the evidence as a whole outweighs the ALJ's selective findings.  (Doc. No. 17, at 11-12).  Plaintiff also contends that the ALJ discussed neuropsychological examination findings although Plaintiff is not alleging a disabling neurocognitive condition, and that the ALJ should not have relied upon a therapist's finding that he was stable on medication.  The Court notes, however, that the ALJ relied upon a variety of evidence in reaching his conclusions so, regardless of whether such evidence was discussed, it was not the only evidence upon which the ALJ relied in the decision.  Moreover, upon review of the record in its entirety, the Court does not find that certain evidence was obviously "cherry-picked" because it was helpful while other important evidence was conveniently overlooked, nor does the Court find that consideration of all the evidence clearly would have led to a finding of disability.  Although Plaintiff may feel that the ALJ did not properly weigh all the appropriate evidence in reaching conclusions, the ALJ was simply not required to consider and discuss every piece of evidence in the 569-page record.  See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).  Moreover, the Court cannot now choose to re-weigh the evidence simply because Plaintiff does not agree with the ALJ's decision.  See Berry v. Sullivan, 738 F. Supp. 942, 944) (W.D. Pa. 1990).

Therefore, upon review of the record and the ALJ's decision, the Court concludes that the ALJ adequately discussed the evidence of record and reasonably relied on such evidence in making the ultimate determinations.  Accordingly, the Court finds no merit in Plaintiff's first argument that the ALJ's decision is not supported by substantial evidence.

Second, Plaintiff argues that the ALJ erred by failing to accord appropriate weight to the opinion of Plaintiff's treating physician Saghir Ahmad, M.D.  (R. 521-24).  It should be noted that a claimant's RFC is the most that he or she can do despite his or her limitations.  See 20 C.F.R. § 404.1545(a).  In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations.  See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545.  It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations."  Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)).

3

Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d at 43 (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds that the ALJ did not fail to provide sufficient reasons for discounting Dr. Ahmad's opinion, nor did the ALJ substitute lay analysis for the judgment of Dr. Ahmad in formulating Plaintiff's RFC. Rather, the ALJ fulfilled the duty as fact-finder to evaluate Dr. Ahmad's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. § 404.1527. In fact, the ALJ specified that Dr. Ahmad's opinion was given little weight after discussing Plaintiff's treatment and examination records and his activities of daily living, and while also weighing the other opinion evidence. In the end, the ALJ ultimately found that Dr. Ahmad's statement should be given little weight because it is internally inconsistent and inconsistent with the record indicating that Plaintiff's treatment generally controls his symptoms aside from situational stressors. (R. 20).

The Court notes initially that the opinion of Dr. Ahmad that Plaintiff is discussing here consists of a simple form evaluation that was filled out by the doctor. (R. 521-24). The form largely contains options to circle or check and blank areas to be filled in by hand (although all such areas were left blank). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court emphasizes that, on its face, Dr. Ahmad's evaluation alone lacks significant discussion, explanation, or details to justify his findings contained therein.

Additionally, the ALJ noted the many ways that Dr. Ahmad's evaluation is internally inconsistent, and the Court agrees that it appears to be internally inconsistent and somewhat confusing. For example, Dr. Ahmad opined that Plaintiff was "unable to meet competitive standards" for most of the mental abilities and aptitudes needed to do unskilled work, including getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes. (R. 522). However, he also found that Plaintiff has a "limited but satisfactory" ability and aptitude in maintaining socially appropriate behavior and interacting appropriately with the general public. (R. 523). He found that Plaintiff has a "limited but satisfactory" ability to understand and remember detailed instructions, but is "unable to meet competitive standards" in his ability to understand and remember very short and simple instructions. (R. 522-23). He opined that Plaintiff was "seriously limited, but not precluded" from dealing with the stress of

4

semiskilled and skilled work, but he did not check any box opining on Plaintiff's ability to deal with normal work stress. (R. 522-23). He checked an option indicating that Plaintiff would miss more than four days per month of work due to impairments or treatment, but left blank a question asking for an explanation of the basis for this response. (R. 524). In response to a question as to whether he believed Plaintiff's symptoms and limitations are in line with or supported by objective findings, he circled "NO." (R. 524). Moreover, because Dr. Ahmad left blank every question asking for an explanation of an answer given on the form, there is no support provided for the responses given, nor is any additional information provided to clear up inconsistent responses.

The Court therefore concludes that the ALJ reasonably found that discrepancies exist between the extensive limitations suggested by Dr. Ahmad in his evaluation and Plaintiff's treatment history and the other opinions in the record. Although Plaintiff alleges that Dr. Ahmad's findings are uncontradicted, that is not so. The state agency psychologist opined that Plaintiff "is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairment," and Plaintiff's own therapist did not discourage him from working. (R. 57, 345). Plaintiff does not cite to specific pieces of evidence supporting his argument, and the job of the Court here is to determine whether substantial evidence supports the ALJ's findings. See 42 U.S.C. § 405(g); Hundley v. Colvin, No. 16-153, 2016 WL 6647913, at *1 (W.D. Pa. Nov. 10, 2016). Because judicial review of the Commissioner's decision is expressly limited, even if the Court were to decide the case differently upon a *de novo* review, it is not proper for the Court to re-weigh the evidence at this juncture. See id.; see also Weidow v. Colvin, No. 15-765, 2016 WL 5871164, at *18 (M.D. Pa. Oct. 7, 2016) (noting that if substantial evidence supports the ALJ's finding, it is irrelevant if substantial evidence also supports Plaintiff's claim).

Thus, the Court finds that the ALJ did not err in considering Dr. Ahmad's medical opinion, and that the ALJ sufficiently explained his reasons for giving Dr. Ahmad's opinion less than controlling weight in the analysis.

Third, Plaintiff asserts that the ALJ erred in failing to find that Plaintiff's frequent hospitalizations leave him unable to maintain full-time competitive employment. The Court notes that the record indicates that Plaintiff had several short voluntary inpatient hospital stays during the relevant period. However, as the ALJ explained, and as noted, supra, the need for those stays appears to have been brought on by situational stressors including family relationship problems, financial issues, and medication/alcohol misuse. Plaintiff has simply failed to show that his impairment would cause frequent hospitalizations that would prevent him from maintaining full-time employment.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any evidence of record constitutes reversible error.

In sum, the Court finds that the ALJ did not err by failing to base Plaintiff's RFC on substantial evidence, nor did the ALJ err by not giving greater weight to the opinion of Plaintiff's

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

treating physician.  The Court further finds that the ALJ did not err by failing to find that Plaintiff's hospitalizations leave him unable to maintain full-time competitive employment.  Accordingly, the Court affirms.